IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOGGIE DENTAL INC., *et al.*,

        Plaintiffs,

v.

AHUI, *et al.*,

        Defendants.

Civil Action No. 19-01627

**FILED UNDER SEAL**

**1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING ASSETS AND MERCHANT STOREFRONTS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND 4) ORDER AUTHORIZING EXPEDITED DISCOVERY**

This matter is before the Court upon Plaintiffs' *Ex Parte* Application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the Defendants identified on **Schedule "A"** to the Complaint and attached hereto (collectively, the "Defendants"). The Court has considered the Application, the evidence in the record, and the applicable law.

By the instant Application, Plaintiffs Doggie Dental Inc. and Peter Dertsakyan move *ex parte* pursuant to 35 U.S.C. § 283, Federal Rules of Civil Procedure 64 and 65, and The All Writs Act, 28 U.S.C. § 1651(a), for entry of a temporary restraining order and an order restraining assets and Merchant Storefronts, for violations of the Patent Act. Because Plaintiffs have satisfied the requirements for the issuance of a temporary restraining order, the Court grants Plaintiffs' Application.

## FACTUAL FINDINGS & CONCLUSION OF LAW

1.      The Court finds that Plaintiffs, Doggie Dental, Inc. ("Doggie Dental") and Peter Dertsakyan ("Dertsakyan"), are likely to prevail on their Patent Act claim at trial, and that there is a substantial basis to support each of the below findings.

2.      Dertsakyan is the inventor of the BRISTLY® dog toothbrush ("Plaintiffs' Product") and the owner of intellectual property related thereto; Doggie Dental is the exclusive licensee of such intellectual property. Plaintiffs developed and sell a unique and revolutionary product under the federally registered trademark BRISTLY® ("Plaintiffs' Mark") that safely and easily permits dogs to brush their own teeth removing plaque and tarter.

3.      Dertsakyan is the owner of U.S. Trademark Registration No. 5,815,298 for BRISTLY directed to "Non-medicated dental preparations for pets, namely, toothpaste and preparations for removing plaque; Home dental care products for dogs and cats, namely, toothpaste; Dental care and oral hygiene products for pets, namely, tooth cleaning preparations; Non-edible dental chews for pets; Non-medicated oral dental chews for dogs."

4.      Dertsakyan is the owner of U.S. Trademark Registration No. 5,844,832 for BRISTLY directed to "Toothbrushes for animals; Toothbrushes for pets; Home dental care products for dogs and cats, namely, toothbrush."

5.      Dertsakyan is the owner of U.S. copyright registration VA 2-122-455 directed to various photographs related to the BRISTLY® dog toothbrush (the "Plaintiffs' Works"). Dertsakyan is also the owner of unregistered copyrights related to the Plaintiffs' Product.

6.      In addition, Dertsakyan is also the owner of various design patent applications directed to the BRISTLY® dog toothbrush, including an issued European Registered Community

- 2 -

Design (005818606-0001), a pending U.S. design patent application, and a pending Chinese design patent application.

7. Dertsakyan is the owner of U.S. Patent No. 10477838 for "Pet chew toy for dental self-cleaning by domestic pets," (Plaintiffs' Patent" or "the '838 Patent").

8. Defendants, by operating Internet based e-commerce stores, and fully interactive, commercial Internet websites operating under Defendants' respective seller identities set forth on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, sold, and offered for sale that Plaintiffs have determined are not genuine BRISTLY® products and infringe at least one claim of the '838 patent.

9. Through the e-commerce marketplace platform, Plaintiffs accessed all of the e-commerce stores operating under Defendants' Seller IDs and captured the Defendants' listings at issue on the e-commerce stores. At the conclusion of the process, the detailed webpages and photographs were inspected by Plaintiffs' representative who confirmed that each Defendant is offering for sale products and infringe upon at least one claim of the Plaintiffs' Patent ("Infringing Products").

10. Plaintiffs, as well as consumers and animal owners, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiffs' Application for *ex parte* relief is granted. There is good cause to believe that the unauthorized and unlicensed offering for sale and sale of Infringing Products will continue in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of the products so advertised, and that Plaintiffs may suffer loss of sales for their genuine products and an unnatural erosion of the legitimate marketplace in which they operate. There is also good cause to believe that if Plaintiffs proceed on notice to Defendants of this Application,

Defendants can easily and quickly change the ownership or modify e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs, thereby thwarting Plaintiffs' ability to obtain meaningful relief.  As other courts have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party.

11. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiffs, their reputation, and their goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

12. The public interest favors issuance of the temporary restraining order in order to protect Plaintiffs' interests and protect the public from being deceived and defrauded by the passing off of Defendants substandard goods as Plaintiffs' genuine goods.

13. Under Pennsylvania law this Court may issue a prejudgment asset restraint where Plaintiffs' complaint asserts a claim for money damages.  Therefore, this Court has the authority to grant Plaintiffs' request for a prejudgment asset freeze to preserve the relief sought by Plaintiffs and preserve the Defendants' ability to at least partially satisfy a judgment.

14. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiffs the records and documents relating to Defendants' illegal and infringing activities.  Therefore, Plaintiffs have good cause to be granted expedited discovery.

## **ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Application is hereby **GRANTED** as follows (the "Order"):

### **I. Temporary Restraining Order**

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

   (1) from (a) their unauthorized and unlicensed use of Plaintiffs' Patent, distribution, marketing, advertising, offering for sale, or sale of any Infringing Products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products that infringe upon at least one claim of the Plaintiff's Patent;

   (2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[1] Merchant Storefronts[2] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

---

[1] As defined in the Application, a "User Account" is, as defined in the Complaint, any and all accounts with online marketplace platform(s) Amazon.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[2] As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue offering for sale the Infringing Products within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Amazon Services LLC d/b/a Amazon.com ("Amazon")

("Third Party Service Provider(s)''), Amazon Payments, Inc. d/b/a Pay.amazon.com ("Amazon Pay") ("Financial Institution(s)"), and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;[3]

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants identified in Schedule "A" hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provide Plaintiffs' counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions

---

[3] This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third Party Service Providers and Financial Institutions and that the additionally discovery Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

related to all funds transmitted into financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Service Provider or Financial Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Service Provider or Financial Institution's security interest in the funds) without express authorization of this Court;

(10) Upon Plaintiffs' request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

(11) this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for the purpose of infringing on at least one claim of the Plaintiffs' Patent;

(12) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

(13) this Order shall remain in effect until the date for the hearing to show cause why a preliminary injunction should not be issued as set forth below, or until such further dates as set by the Court or stipulated by the parties.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiffs' request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third Party Service Providers and Financial Institutions, is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiffs' Application for a preliminary injunction, or until further order of the Court:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

(2) within (5) days after receiving notice of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts, and any other listings linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants.

## II. Order to Show Cause Why a Preliminary Injunction Should Not Issue and Service of Order

A. Defendants are hereby ORDERED to show cause before this Court in the United States District Court for the Western District of Pennsylvania, the U.S. Courthouse, 700 Grant Street,

Pittsburgh, Pennsylvania in Courtroom No. 6A on the __8th__ day of __JANUARY__, 20__20__ at __1:30 p__.m. __EST__ or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to FRCP 65(a), should not issue. **Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them.**

B. Opposing papers, if any, shall be filed electronically with the Court and served on Plaintiffs' counsel by delivering copies thereof to the office of Ference & Associates LLC at 409 Broad Street, Pittsburgh, Pennsylvania 15143 before __JANUARY 3__, 20__20__ Plaintiffs shall file any Reply papers on or before __JANUARY 7__, 20__20__ __at Noon__, if notice as set out below has been given to all Defendants.

C. After Plaintiffs' counsel has received confirmation from the Third Party Service Providers and Financial Institutions or otherwise, regarding the restraint of funds directed herein, Plaintiffs' counsel shall file notice of such confirmation on the docket under seal without the need for redaction within twenty-four (24) hours of the receipt of confirmation. Additionally, after receiving the aforementioned confirmation regarding the restraint of funds, Plaintiffs shall serve copies of the Complaint, the Application, this Order, and any Discovery on each Defendant via their corresponding email/online contact form provided on the Internet based e-commerce stores operating under the respective Seller IDs, or by providing a copy of this order by e-mail to the marketplace platform, which in turn notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, Plaintiffs shall post copies of the Complaint, Application, this Order, any Discovery, and all other pleadings and

- 10 -

documents filed in this action on a website designated by Plaintiffs,[4] and shall provide the website address to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiffs shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website designated by Plaintiffs or by other means reasonably calculated to give notice which is permitted by the Court, or as otherwise directed by the Court.

### III. Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

   (1) Plaintiffs may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

   (2) Plaintiffs may serve requests for the production of documents pursuant to FRCP 26 and 34, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

   (3) Plaintiffs may serve requests for admissions pursuant to FRCP 26 and 36, and Defendants, their respective officers, employees, agents, servants and attorneys, and all

---

[4] Rule 65 has been interpreted to require that a party have notice of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order. *Pate v. Gov't of the Virgin Islands*, 2015 WL 1937701 n.9 (VI Sup. Ct. April 17, 2015); *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978).

persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such requests within fourteen (14) days of service to Plaintiffs' counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall provide to Plaintiffs' counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

(1) any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third Party Service Provider;

(2) the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

(3) the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

(4) Defendants' unauthorized and unlicensed use of Plaintiffs' Patent.

## V. Security Bond

IT IS FURTHER ORDERED that Plaintiffs shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of Five Thousand Dollars ($5,000.00) with the Court, which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VI. Summons

IT IS FURTHER ORDERED that the Clerk of the Court shall issue a single original summons in the name of "AHUI and all other Defendants identified in the Complaint" that will apply to all Defendants. Plaintiffs shall give notice (via electronic means) of this Order, all other Orders entered at anytime in this case, and all pleadings and papers in this action to all entities set out in Paragraph I(A)(7) above, and shall give notice by authorized service of this Order, all other Orders, and all papers in this case to all Defendants within twenty-four (24) hours of notice that all relevant accounts have been frozen.

**SO ORDERED.**

ENTERED this 26th day of December, 2019, at 1:45 p.m. EST
Pittsburgh, Pennsylvania

Unless otherwise extended, this Restraining Order expires at NOON EST, 1/9, 2020

MARK R. HORNAK
CHIEF UNITED STATES DISTRICT JUDGE